548 F.2d 394
 Pamela SCHNEIDER et al., Plaintiffs-Appellees-Cross-Appellants,
v.
Betti S. WHALEY, Individually and as Commissioner of the
Agency for Child Development of the City of New
York, et al.,
Defendants-Appellants-Cross-Appellees.
 No. 1372, Docket 76-7306.
 United States Court of Appeals,
Second Circuit.
 Argued July 20, 1976.
Decided Aug. 20, 1976.
On Rehearing Dec. 22, 1976.
 
 Lewis R. Friedman, New York City (Pollack & Kaminsky, Richard M. Asche and Martin I. Kaminsky, New York City, of counsel, Litman, Friedman & Kaufman, Jack T. Litman, New York City, of counsel), for plaintiffs-appellees-cross-appellants.
 Rosemary Carroll, New York City (W. Bernard Richland, Corp. Counsel, Leonard Koerner and Joseph F. Bruno, New York City, of counsel), for municipal-defendants-appellants.
 Mark C. Rutzick, New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Irving Galt, New York City, of counsel), for defendant-appellant Philip Toia.
 Before MESKILL and WATERMAN, Circuit Judges, and BARTELS, District Judge.*
 ON PETITION FOR REHEARING
 PER CURIAM:
 
 
 1
 By an opinion dated August 20, 1976, this Court modified a judgment entered in the United States District Court for the Southern District of New York and remanded the cause with instructions to mandate an accelerated hearing by the State agency in accordance with the pertinent Federal and State regulations. On a petition by defendants-appellants-cross-appellees for a rehearing of our order, we grant the motion for rehearing and on consideration thereof we decide to adhere to our order of August 20, 1976.
 
 
 2
 While we believe the opinion is clear, a reading of the briefs of the applicants indicates a misunderstanding of the nature of the hearings mandated under 45 C.F.R. §§ 205.10(a)(5)(iv) and 205.10(a)(6)(i)(A). For clarification, it should be noted that the hearings ordered were not hearings concerning eligibility of individuals but group hearings under § 205.10(a)(5)(iv) at which the fair hearing officer would first determine that the sole issue was one of a State or Federal law or policy or change in State or Federal law, and thereafter determine whether the defunding of these particular day care centers was justified by the evidence submitted including cost, efficiency of operation, budgetary crisis and alternative centers made available but not whether other centers should have been defunded in their place and stead.
 
 
 
 *
 Of the Eastern District of New York, sitting by designation